LAWRENCE T. NIERMEYER
BAR NO. 157440
1301 'K' STREET, SUITE H
MODESTO, CA. 95354
TELEPHONE (209) 574-9447
FACSIMILE (209) 574-9445

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MORDOFF | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| Vs. | |
| CITY OF MODESTO, MODESTO POLICE DEPARTMENT, MODESTO POLICE OFFICER JAMES ROKAITIS, JAMES ROKAITIS Individually and DOES 1-20 INCLUSIVE. | 1.  42 U.S.C. Sections 1983 & 1985<br>2.  42 U.S.C. Section 1983<br>3.  BATTERY<br>4.  ASSAULT<br>5.  ASSAULT WITH DEADLY WEAPON<br>6.  NEGLIGENCE |
| Defendants, | |

PLAINTIFF claims as follow:

### INTRODUCTION

This is an action for Violation of Civil Rights for which compensatory and punitive damages brought against, the City of Modesto, Modesto Police Department, Modesto Police Officer James Rokaitis, James Rokaitis individually, and DOES 1-20, by Plaintiff JOSHUA MORDOFF who was wrongfully shot three times by Modesto Police Officer James Rokaitis. Plaintiff JOSHUA MORDOFF is complaining of the deprivation of his constitutionally protected right to the enjoyment of life, liberty and the unjust infliction of pain and suffering. Plaintiff is a victim of a shooting by Modesto Police Officer JAMES ROKAITIS.

On or about November 17, 2010, Plaintiff's Claim for Damages was served on the City of Modesto and thereafter rejected by operation of law on December 23, 2010.

## PARTIES – GENERAL ALLEGATIONS

1. Defendant James Rokaitis is, and at all times herein mentioned was, a resident of Stanislaus County, California.

2. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by their conduct.

3. Defendants and each of them at all times herein mentioned were the agents and employees of the co-defendants and in doing these things hereinafter alleged were acting within the course and scope of the agency and with the permission and consent of their co-defendants.

4. At all times herein-mentioned, Defendant CITY OF MODESTO, was and is a public entity dully organized and existing as such under the laws of the State of California. The MODESTO POLICE DEPARTMENT is an agency of Defendant CITY OF MODESTO. Defendant CITY OF MODESTO is a person subject to suit within the meaning of 42 USC §1983 under <u>Monell v. Department of Social Services</u> (1978) 436 U.S. 658, 691. Under California Government Code section 815.2(a), Defendant CITY OF MODESTO is liable for any and all wrongful acts hereinafter complained of and committed by and of the individual Modesto Police Officer James Rokaitis.

5. Plaintiff is informed and believes that at all times herein mentioned, Defendant Modesto Police Officer JAMES ROKAITIS, was and is now a resident of the County of Stanislaus, State of California.

6. Plaintiff is informed and believes that each of the Defendants named is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.

7. At all times herein mentioned Modesto Police Officer JAMES ROKAITIS, individually and Does 1-20, was and now is, a duly appointed peace officer, ranking officer and employee of Defendant, CITY OF MODESTO and/or MODESTO POLICE DEPARTMENT acting individually and as the agent, employee, and representative of every other Defendant.

8. Defendant Modesto Police Officer JAMES ROKAITIS, negligently and/or wrongfully, intentionally, and maliciously shot Plaintiff in violation of the United States Constitution, the laws of the State of California and common law principles including rights, privileges, and immunities secured to Plaintiff by said statutes and by the Fourth, Ninth, and Fourteenth Amendments of the United States Constitution.

9. Defendants Modesto Police Officer JAMES ROKAITIS and Does 1-20 acting individually as policy makers and/or in conspiracy together and acting individually under the color of law, in covering up their wrongful acts of, acting individually, by doing incomplete investigations and filed false police reports for the purpose of supporting their actions as alleged herein and avoiding discipline including termination of employment of and/or prosecution.

10. At all times herein mentioned each and every Defendant herein acting individually had the legal duty to oversee and supervise the hiring, conduct, employment, and discipline of each and every Defendant herein.

11.   Defendant's, MODESTO POLICE DEPARTMENT and DOES 1-20, failed to conduct a reasonable investigation of the shooting of Plaintiff by Modesto Police Officer JAMES ROKAITIS in such a manner as to conceal Officer JAMES ROKAITIS culpability and deliberately and recklessly submitted incomplete investigations and false police reports to the Stanislaus County District Attorney's Office so Officer JAMES ROKAITIS would not be disciplined or criminally charged for the shooting of Plaintiff and that Plaintiff would be charged and prosecuted for alleged crimes.

## JURISDICTION

The jurisdiction of this Court is predicated on 28 U.S.C. section 1343(3) and (4) and section 1331.

## FACTS

On May 28, 2010, Defendant, Modesto Police Officer James Rokaitis responded to a call for assistance by his neighbor's daughter regarding an unknown person located in the neighbor's back yard.  Upon arrival in the neighbor's back yard, Officer James Rokaitis discovered his neighbor "Bart" and an unknown person, later identified as Joshua Mordoff and herein after referred to as "MORDOFF", wrestling on the ground.  At that time, Officer James Rokaitis identified himself as a Modesto Police Officer, brandished his service weapon and ordered MORDOFF to lie on the ground.  Officer James Rokaitis then gave his neighbor Bart a set of handcuffs and instructed Bart to handcuff MORDOFF.  As Bart was attempting to handcuff MORDOFF, Officer James Rokaitis placed his service weapon against MORDOFF'S head and threatened to shoot MORDOFF.  In fear for his life, MORDOFF stood up and was immediately placed in a "bear hug" by Bart as Officer James Rokaitis took several steps away from MORDOFF

and Bart, while continuing to brandish his service weapon.

While standing approximately seven feet away, Officer James Rokaitis instructed Bart to let MORDOFF go and back away from MORDOFF. As Bart stepped away from MORDOFF, James Rokaitis shot MORDOFF three times with his police service weapon and then proceeded to handcuff MORDOFF. At all times described herein, MORDOFF was unarmed and did not possess or brandish a weapon of any nature towards and/or against Bart or Officer James Rokaitis.

### FIRST CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS
### (42 USC § 1983 & 1985)

**Modesto Police Officer James Rokaitis,
Modesto Police Department and Does 1-20, individually**

13. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 12, of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

14. This action at law for money damages arises under Title 42 U.S C. § 1983 & 1985 and the Unites States Constitution the Laws of the State of California and common law principal to redress a deprivation under color of State law of rights, privileges and immunities secured to Plaintiff by said statutes and the Fourth, Ninth, and Fourteenth Amendments of the United States Constitution by subjecting Plaintiff to unlawful arrest; excessive and unreasonable force; conspiring to cover up their actions; and depriving Plaintiff of rights to recover for his damages.

15. The events, acts and omissions complained of hereinabove concerning the shooting of Plaintiff, occurred when Modesto Police Officer James Rokaitis, acting individually and under color of authority, while investigating a suspicious person in the yard of a neighbor, and after

instructing the neighbor to terminate his controlling position over Plaintiff, Officer James Rokaitis negligently, maliciously, and/or intentionally and without justification, shot Plaintiff three times, proximately causing the injuries and damages to Plaintiff as alleged herein.

16. Defendants and each of them acting individually, under the color of law conspired to and engaged in a cover-up of their misconduct. In furtherance of their misconduct, Defendants individually prepared and filed knowingly false police reports and conducted an inadequate investigation designed to cover-up their own individual wrong doing.

17. As a proximate result of the aforesaid individual acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental shock to his nervous system, anxiety, torment, degradation, and extreme emotional distress.

18. As a further proximate result of the aforesaid individual acts and omissions of Defendants, and each of them, Plaintiff has sustained injury to his health, strength, and activity, sustaining injury to his nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in permanent damage to him. As a result of such injuries, Plaintiff has sustained general damages in an as yet unascertained amount but within the jurisdictional limits of this Court; Plaintiff will seek leave to amend this Complaint to state the true amount when said damages are ascertained.

19. As a further proximate result of the aforesaid acts and omissions of Defendants, and each of them, herein alleged, Plaintiff has been damaged in that he has lost and will continue to lose earnings, in that his earning capacity has been diminished, all to his special damage in an as yet undetermined amount but within the jurisdictional limitations of this Court; Plaintiff will seek leave to amend this Complaint to state the true amount when said damage are ascertained.

20. By reason of the aforementioned individual acts and individual omissions of Defendants, and each of them, Plaintiff did and will in the future continue to incur anxiety, torment, degradation and extreme emotional distress.

21. By reason of the aforementioned individual acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrong here in above mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney fees.

22. The aforementioned individual acts and omissions of Defendants were committed by each of them knowingly, willfully, and maliciously, with the intent to deprive Plaintiff of his life, liberty and constitutionally protected rights and to intentionally cover up said individual misconduct with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants and each of them, in an amount as proved and as an example to others.

## SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS
## (42 USC § 1983)

**Modesto Police Officer James Rokaitis,**
**Modesto Police Department and Does 1-20, individually**

23. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 22, of this Complaint, and by this reference incorporates the same herein and makes each part hereof.

24. Plaintiff as a result of the here in above mentioned individual acts of Defendants was intentionally, maliciously, and without justification, shot by Defendant Modesto Police Officer James Rokaitis while acting under color of authority and employed by Defendant Modesto Police Department and/or Defendant City of Modesto.

25. As a proximate result of the aforesaid individual acts of Defendants, and each of them Plaintiff incurred pain and suffering and was deprived of his constitutionally protected right to the enjoyment of life and liberty in an amount to be proved at trial.

26. As a proximate result of the aforesaid individual acts of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous system, anxiety, torment, degradation and extreme emotional distress.

27. As a further proximate result of the aforesaid individual acts of Defendants, and each of them, Plaintiff has sustained injury to his health, strength, and activity, sustaining injury to his nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in permanent damage to him. As a result of such injuries, Plaintiff has sustained general damages in an as yet undetermined amount but within the jurisdictional limits of this Court; Plaintiff will seek leave to amend this Complaint to state the true amount when said damages are ascertained.

28. As a further proximate result of the aforesaid acts and omissions of Defendants, and each of them, herein alleged, Plaintiff has been damaged in that he has lost and will continue to lose earnings, in that his earning capacity has been diminished, all to his special damage in an as yet undetermined amount but within the jurisdictional limitations of this Court; Plaintiff will seek leave to amend this Complaint to state the true amount when said damage are ascertained.

29. By reason of the aforementioned individual acts of Defendants and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrong here in above mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney fees.

30. The aforementioned individual acts of Defendants were committed by each of them knowingly, negligently or willfully and maliciously, with the intent to deprive Plaintiff of his life, liberty and constitutionally protected rights with a conscious disregard for Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from defendants and each of them, in an amount as proved and as an example to others.

### THIRD CAUSE OF ACTION
**Battery**
**Modesto Police Officer James Rokaitis**
**Individually and Does 1-20, individually**

31. Plaintiff refers to and repleads each and every allegation contained in paragraph 1 through 30, of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

32. By the acts of unreasonable and excessive force and the violence used upon Plaintiff, a battery was committed upon Plaintiff, entitling Plaintiff to damages pursuant to California Law.

33. As a result of these acts, Plaintiff incurred the injuries and damages described herein above, entitling Plaintiff to damages in an amount to be proven at trial.

34. In committing the acts above, Defendant Officer James Rokaitis acted maliciously, oppressively, and/or was guilty of wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### Assault
### Modesto Police Officer James Rokaitis,
### James Rokaitis Individually and Does 1-20, individually

35. Plaintiff refers to and repleads each and every allegation contained in paragraph 1 through 34, of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

36. By the acts of unreasonable and excessive force and the violence committed upon Plaintiff's person as a result of Defendant Rokaitis brandishing and firing his service weapon at Plaintiff three times, an assault occurred because Plaintiff was placed several times in fear of an imminent, offensive or harmful touching by Defendant Rokaitis and Does 1-20, and is thereby entitling Plaintiff to damages pursuant to California Law.

37. As a result of these acts, Plaintiff incurred the injuries and damages described herein above, entitling Plaintiff to damages in an amount to be proven at trial.

38. In committing the acts above, Defendant Officer Rokaitis acted maliciously, oppressively, and/or was guilty of wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### Assault with a Deadly Weapon
### Modesto Police Officer James Rokaitis,
### James Rokaitis Individually and Does 1-20, individually

39. Plaintiff refers to and repleads each and every allegation contained in paragraph 1 through 38, of this Complaint, and by this reference incorporates the same herein and makes each a part thereof.

40. By the acts of unreasonable and excessive force and the violence committed against and upon Plaintiff as a result of Defendant Rokaitis brandishing and firing his service weapon at Plaintiff three times, an assault occurred because Plaintiff was placed several times in fear of an imminent, offensive or harmful touching by Defendant Rokaitis and Does 1-20, and is thereby entitling Plaintiff to damages pursuant to California Law.

41. As a result of these acts, Plaintiff incurred the injuries and damages described herein above, entitling Plaintiff to damages in an amount to be proven at trial.

42. In committing the acts above, Defendant Officer Rokaitis acted maliciously, oppressively, and/or was guilty of wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
**Negligence**

43. Plaintiff refers to and by this reference incorporates herein, each and every allegation contained in the general allegations, as though fully set forth herein.

44. At all times herein mentioned, Defendant, JAMES ROKAITIS owned, maintained, controlled, and legally carried certain hand guns on his person. At this time, Plaintiff does not know the exact make, model and/or caliber of the hand gun used by Defendant JAMES ROKAITIS in the shooting which is the subject matter of this action.

45. On May 28, 2010, Defendant JAMES ROKAITIS, obtained possession of his hand gun from his residence and proceeded to the back yard of his neighbor's residence after the neighbor told Defendant JAMES ROKAITIS that a suspicious person was in the back yard. In

carrying and brandishing his hand gun, Defendant JAMES ROKAITIS, owed Plaintiff a duty to maintain, control, and prevent any unwarranted and/or unjustified discharge of the hand gun.

46. In breach of his duty, Defendant JAMES ROKAITIS, carelessly and negligently discharged his hand gun and/or negligently failed to take adequate steps, procedures, or use necessary caution to maintain control of the hand gun so as to allow and/or cause the hand gun to discharge and strike Plaintiff with bullets shot there from and causing the damages alleged herein to Plaintiff's person.

47. Defendant JAMES ROKAITIS, knew, or in the exercise of reasonable care should have known, that his negligent failure to control and/or maintain his hand gun constituted an unreasonable risk of harm to Plaintiff and would cause Plaintiff the harm and injuries as described herein. Defendant's negligent acts and/or negligent failure to act was the cause of Plaintiff's damages as described herein.

48. As a proximate result of Defendant JAMES ROKAITIS negligence, Plaintiff suffered severe and permanent damages to his person in an amount within the jurisdictional limits of this Court and subject to proof at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them, as follows:

**AS TO EACH CAUSE OF ACTION AS APPLICABLE**

1. A Trial by Jury on all issues;

2. For General Damages in an amount according to proof;

3. For Special Damages according to Proof;

4. For Punitive and Exemplary Damages in an amount according to proof;

5. For attorney's fees;

6. For costs of suit; and

7. For such other and further relief as the Court may deem proper.

DATED: June 22, 2011

_____
LAWRENCE T. NIERMEYER
Attorney for Plaintiff