LAWRENCE T. NIERMEYER
BAR NO. 157440
1301 'K' STREET, SUITE H
MODESTO, CA. 95354
TELEPHONE (209) 574-9447
FACSIMILE (209) 574-9445

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MORDOFF | CASE NO. 1:11-cv-01039-AWI-DLB |
| Plaintiff, | SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL |
| Vs. | 1. 42 U.S.C. Sections 1983 & 1988 |
| CITY OF MODESTO, MODESTO POLICE DEPARTMENT, MODESTO POLICE OFFICER JAMES ROKAITIS, JAMES ROKAITIS Individually and DOES 2-20, inclusive. | 2. 42 U.S.C. Section 1983 & 1988<br>3. BATTERY<br>4. ASSAULT<br>5. NEGLIGENCE |
| Defendants, _____/ | |

PLAINTIFF claims as follow:

### INTRODUCTION

This is an action for compensatory and punitive damages brought pursuant to 42 U.S.C. 1983, et seq., and the Fourth Amendment to the United States Constitution, for personal injuries and violation of constitutional rights by Defendants James Rokaitis, a Police Officer for the City of Modesto, his employer The Modesto Police Department, and The City of Modesto, and DOES 2-20, by Plaintiff JOSHUA MORDOFF who was wrongfully shot three times by Modesto Police Officer James Rokaitis. Plaintiff JOSHUA MORDOFF is complaining of the deprivation of his constitutionally protected right to the enjoyment of life, liberty and the unjust infliction of pain and suffering through the use of unreasonable, unjustified and excessive force. Plaintiff is a victim of a shooting by Modesto Police Officer JAMES

Second Amended Complaint For Damages - MORDOFF v. CITY OF MODESTO, et al    1

ROKAITIS.

On or about November 17, 2010, Plaintiff's Claim for Damages was served on the City of Modesto and thereafter rejected by operation of law on December 23, 2010.

**PARTIES – GENERAL ALLEGATIONS**

1. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 2-20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by their conduct.

2. Defendants and each of them at all times herein mentioned were the agents and employees of the co-defendants and in doing these things hereinafter alleged were acting within the course and scope of the agency and with the permission and consent of their Co-Defendants.

3. At all times herein-mentioned, Defendant CITY OF MODESTO, was and is a public entity dully organized and existing as such under the laws of the State of California. The MODESTO POLICE DEPARTMENT is an agency of Defendant CITY OF MODESTO. Defendant CITY OF MODESTO is a person subject to suit within the meaning of 42 USC §1983 under Monell v. New York Dept. of Social Services, 436 U.S. 658 (1978); City of St. Louis v. Praprotnik, 485 U.S. 112; & Hammond v. County of Madera, 859 F.2d 797, (9th Cir. 1988). Under California Government Code section 815.2(a), Defendant CITY OF MODESTO is liable for any and all wrongful acts hereinafter complained of and committed by and of the individual Modesto Police Officer James Rokaitis.

4. Plaintiff is informed and believes that at all times herein mentioned, Defendant JAMES ROKAITIS, was and is now a resident of the County of Stanislaus, State of California.

5. Plaintiff is informed and believes that each of the Defendants named is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.

6. At all times herein mentioned Modesto Police Officer JAMES ROKAITIS, individually and Does 2-20, was and now is, a duly appointed peace officer, ranking officer and employee of Defendant, CITY OF MODESTO and/or MODESTO POLICE DEPARTMENT acting individually and as the agent, employee, and representative of every other Defendant.

7. Defendant Modesto Police Officer JAMES ROKAITIS, negligently and/or wrongfully, intentionally, and maliciously shot Plaintiff in violation of the United States Constitution, the laws of the State of California and common law principles including rights, privileges, and immunities secured to Plaintiff by said statutes and by the Fourth, Ninth, and Fourteenth Amendments of the United States Constitution.

8. At all times mentioned herein, Defendants JAMES ROKAITIS, and DOES 2-20 were employees of the City of Modesto and The Modesto Police Department and in doing the acts described herein acted within the course and scope of their employment.  The acts of all Defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California.  The individual Defendants named above and DOES 2-20 are sued individually and in their capacities as employees of the City of Modesto and Modesto Police Department.

9. At all times herein mentioned each and every Defendant herein acting individually had the legal duty to oversee and supervise the hiring, conduct, employment, and discipline of each and

every Defendant herein.

## JURISDICTION

The jurisdiction of this Court is predicated on 28 U.S.C. section 1343(3) and (4) and section 1331.

## FACTS

On May 28, 2010, Defendant, Modesto Police Officer James Rokaitis responded to a call for assistance by his neighbor's daughter regarding an unknown person located in the neighbor's back yard. Upon arrival in the neighbor's back yard, Officer James Rokaitis discovered his neighbor "Bart" and an unknown person, later identified as Joshua Mordoff and herein after referred to as "MORDOFF", wrestling on the ground. At that time, Officer James Rokaitis identified himself as a Modesto Police Officer, brandished his service weapon and ordered MORDOFF to lie on the ground. Officer James Rokaitis then gave his neighbor Bart a set of handcuffs and instructed Bart to handcuff MORDOFF. As Bart was attempting to handcuff MORDOFF, Officer James Rokaitis placed his service weapon against MORDOFF'S head and threatened to shoot MORDOFF. Officer James Rokaitis then struck MORDOFF in the head with his service weapon. In fear for his life, MORDOFF stood up and was immediately placed in a "bear hug" by Bart as Officer James Rokaitis took several steps away from MORDOFF and Bart, while continuing to brandish his service weapon.

While standing approximately seven feet away, Officer James Rokaitis instructed Bart to let MORDOFF go and back away from MORDOFF. As Bart stepped away from MORDOFF, James Rokaitis shot MORDOFF three times with his police service weapon and then proceeded to handcuff MORDOFF. At all times described herein, MORDOFF was unarmed and did not possess or brandish a weapon of any nature towards and/or against Bart or Officer James Rokaitis.

## FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS
## (42 USC § 1983 & 1988)

10. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 9, of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

11. This action at law for money damages arises under Title 42 U.S C. § 1983 & 1988 and the Unites States Constitution the Laws of the State of California and common law principal to redress a deprivation under color of State law of rights, privileges and immunities secured to Plaintiff by said statutes and the Fourth, Ninth, and Fourteenth Amendments of the United States Constitution and which were violated by Defendant Officer James Rokaitis by subjecting Plaintiff to unlawful arrest; excessive and unreasonable force; and depriving Plaintiff of rights to recover for his damages.

12. The events, acts and omissions complained of hereinabove concerning the shooting of Plaintiff, occurred when Modesto Police Officer James Rokaitis, acting individually and under color of authority, while investigating a suspicious person in the yard of a neighbor, and after instructing the neighbor to terminate his controlling position over Plaintiff, Officer James Rokaitis negligently, maliciously, and/or intentionally and without justification and in the exercise of excessive force shot Plaintiff, an unarmed individual, three times, proximately causing the injuries and damages to Plaintiff as alleged herein.

13. As a result of the acts alleged above, Defendant James Rokaitis used unreasonable, unjustified and excessive force upon Plaintiff. This excessive use of force on Plaintiff included
Second Amended Complaint For Damages - MORDOFF v. CITY OF MODESTO, et al    5

the unreasonable and unjustified clubbing and/or pistol whipping Plaintiff in the head followed by the shooting of Plaintiff three times in the upper torso.

14. This unreasonable and excessive use of force against Plaintiff constituted an unlawful seizure, in violation of Plaintiffs' constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. 1983 in an amount to be proven at trial.

15. As a proximate result of the aforesaid individual acts and omissions of Defendant Officer James Rokaitis, Plaintiff sustained great physical and mental shock to his nervous system, anxiety, torment, degradation, and extreme emotional distress.

16. As a further proximate result of the aforesaid individual acts and omissions of Defendant Officer James Rokaitis, Plaintiff has sustained injury to his health, strength, and activity, sustaining injury to his nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in permanent damage to him. As a result of such injuries, Plaintiff has sustained general damages in an as yet unascertained amount but within the jurisdictional limits of this Court; Plaintiff will seek leave to amend this Complaint to state the true amount when said damages are ascertained.

17. As a further proximate result of the aforesaid acts and omissions of Defendant Officer James Rokaitis, as herein alleged, Plaintiff has been damaged in that he has lost and will continue to lose earnings, in that his earning capacity has been diminished, all to his special damage in an as yet undetermined amount but within the jurisdictional limitations of this Court; Plaintiff will seek leave to amend this Complaint to state the true amount when said damage are ascertained.

18. By reason of the aforementioned individual acts and individual omissions of Defendant Officer James Rokaitis, Plaintiff did and will in the future continue to incur anxiety, torment, degradation and extreme emotional distress.

19. By reason of the aforementioned acts of Defendant Officer James Rokaitis, Plaintiff was compelled to secure the services of an attorney at law to redress the wrong here in above mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney fees.

20. The aforementioned acts and omissions of Defendant Officer James Rokaitis were committed knowingly, willfully, and maliciously, with the intent to deprive Plaintiff of his life, liberty and constitutionally protected rights and to intentionally cover up said individual misconduct with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks general and compensatory damages from Defendant Officer James Rokaitis, in an amount as proved at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS
## (42 USC § 1983)

21. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 20, of this Complaint, and by this reference incorporates the same herein and makes each part hereof.

22. Plaintiff is informed and believes that Defendants City of Modesto, Modesto Police Department, and DOES 2-10 have possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the Modesto Police Department and its hiring, firing, disciplining methods, tactics, practices, customs and usages related to the administration and supervision of Modesto Police Department employees and

individually overseeing Internal Affairs investigations, personnel, supervision and the use of force by its rank and file generally.

23. Plaintiff is informed and believes that Defendants City of Modesto, Modesto Police Department, and DOES 2-10 have unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its police officers, particularly Defendant Officer James Rokaitis, proximately causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. 1983, in an amount to be proven at trial.

24. Plaintiff alleges that Defendants City of Modesto, Modesto Police Department, and DOES 2-10 have a longstanding unlawful policy, practice, custom and/or habit of permitting and/or condoning the use of excessive force by its police officers, and ratifying their acts of violence, use of excessive force and other improprieties. Said custom, policy or habit proximately caused the constitutional deprivations, injuries and damages alleged in the First Cause of Action. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. 1983, in an amount to be proven at trial.

25. Plaintiff alleges that Defendants City of Modesto, Modesto Police Department, and DOES 2-10 in furtherance of the aforementioned longstanding unlawful policy, practice, custom and/or habit of permitting and/or condoning the use of excessive force by its police officers, particularly Officer James Rokaitis, and with full knowledge of the facts surrounding the shooting of Plaintiff by Officer James Rokaitis neglected this information, took no action or appropriate steps to correct Officer James Rokaitis abuse of authority or discourage his unlawful abuse of authority and use of excessive deadly force. To the contrary and consistent with the standard operating procedure of the Modesto Police Department, Defendants and each of them ratified and

acquiesced in Officer James Rokaitis' inappropriate and excessive acts and subsequently determined that the shooting was justified and within Departmental policies. This constitutes deliberate indifference to the rights and safety of the public, including Plaintiff.

26. Despite Officer James Rokaitis admitting within the Internal Affairs investigation that Plaintiff was unarmed and did not present a dangerous threat of harm to him at the time he shot Plaintiff, Defendants City of Modesto, Modesto Police Department, and DOES 2-10 neglected this information and in the furtherance of the aforementioned longstanding unlawful policy, practice, custom and/or habit of permitting and/or condoning the use of excessive force by its police officers, which constitutes the standard operating procedure of the Modesto Police Department, Defendants City of Modesto, Modesto Police Department, and DOES 2-10 determined that the shooting was justified and within Departmental policies. This constitutes deliberate indifference to the rights and safety of the public, including Plaintiff. As a result of these acts and/or omissions, Defendants City of Modesto, Modesto Police Department, and DOES 2-10 are liable for the constitutional violations and injuries suffered by Plaintiff based upon their supervisory liability.

27. Defendants City of Modesto, Modesto Police Department, and DOES 2-10 were or should have been aware that the Modesto Police Department policy regarding supervision and discipline of Officer James Rokaitis and other officers who violated the civil rights of citizens was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by Officer James Rokaitis, such as that perpetrated against Plaintiff herein. These constitutionally deficient acts and omissions were done with deliberate indifference to the rights of Plaintiff and others in his position.

28. Plaintiff further alleges that Defendants City of Modesto, Modesto Police

Department, and DOES 2-10 have an unlawful custom, policy, practice or habit of failing to properly investigate citizen complaints against their police officers (including Officer James Rokaitis) of excessive force, false arrest, unlawful seizure and other improprieties. This unlawful policy, custom or habit includes a department-wide policy and practice of failing to accept citizen complaints, discouraging complaints, failing to investigate citizen complaints and failing to conduct proper and/or complete investigations of those complaints filed. These policies and failures constituted additional ratification of and acquiescence in acts of excessive force, false arrest, unlawful seizure and other improprieties by Modesto Police Officers, which thereby encouraged officers, (including Officer James Rokaitis) to continue to use excessive force and commit additional improprieties in the future. These policies and failures were the moving force behind the injuries suffered by Plaintiff at the hands of Officer James Rokaitis, and constituted deliberate indifference to the rights and safety of Plaintiff and other members of the public.

29. In addition and more specifically, the unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants City of Modesto, Modesto Police Department, and DOES 2-10, include the following:

(1) Defendants City of Modesto, Modesto Police Department, and DOES 2-10 had knowledge, prior to and since this incident, of repeated allegations of police abuse and assaultive misconduct towards citizens;

(2) Defendants City of Modesto, Modesto Police Department, and DOES 2-10 had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedure to insure the safety of citizens such as Plaintiff;

(3) Defendants City of Modesto, Modesto Police Department, and DOES 2-10

refused to adequately discipline individual officers and/or employees found to have committed similar acts of abuse, misconduct or excessive force;

(4) Defendants City of Modesto, Modesto Police Department, and DOES 2-10 refused to competently and impartially investigate allegations of abuse, misconduct and the use of excessive force alleged to have been committed by Modesto Police Department officers;

(5) Defendants City of Modesto, Modesto Police Department, and DOES 2-10 covered up acts of abuse, misconduct and the use of excessive force by Modesto Police officers;

(6) Defendants City of Modesto, Modesto Police Department, and DOES 2-10 failed to adequately train and educate officers in the use of reasonable and proper force;

(7) Defendants City of Modesto, Modesto Police Department, and DOES 2-10 failed to adequately supervise the actions of officers under their control and guidance;

(8) Defendants City of Modesto, Modesto Police Department, and DOES 2-10 were aware of, sanctioned, condoned and approved of a department wide code of silence, a euphemism of perjury and dishonesty by peace officers;

(9) Defendants City of Modesto, Modesto Police Department, and DOES 2-10 fostered and encouraged an atmosphere of lawlessness, abuse and misconduct represented the policy, practice, customs and procedure of Defendant City of Modesto, Modesto Police Department, and DOES 2-10.

30. Defendants City of Modesto, Modesto Police Department, and DOES 2-10, have maintained, sanctioned and approved practices and customs of using excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution and efforts to cover up such violations by dishonest and fraudulent methods.

31. Pursuant to said policy, custom and practice and usage, Defendants City of Modesto,

Modesto Police Department, and DOES 2-10, violated Plaintiff's Fourth and Fourteenth Amendments to the United States Constitution.

32. By reason of and pursuant to the aforesaid policies, practices, customs, and usages, Plaintiff was injured, inflicted with unreasonable, unjustified excessive force sustaining injuries and damages by Defendants, City of Modesto, Modesto Police Department, and DOES 2-10.

33. As a proximate result of the unlawful policies, customs and habits alleged, as well as the acts, omissions and deliberate indifference described above, Plaintiff suffered the injuries alleged herein above and thus is entitled to general and compensatory damages in an amount to be proven at trial.

34. By reason of the aforementioned individual acts of Defendants City of Modesto, Modesto Police Department, and DOES 2-10, Plaintiff was compelled to secure the services of an attorney at law to redress the wrong here in above mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney fees.

### THIRD CAUSE OF ACTION
**Battery**

35. Plaintiff refers to and repleads each and every allegation contained in paragraph 1 through 34, of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

36. By the acts alleged herein, particularly the acts of unreasonable and excessive force and the violence used upon Plaintiff by Defendant Officer James Rokaitis, a battery was committed upon Plaintiff, entitling Plaintiff to damages against Defendant James Rokaitis pursuant to California Law.

37. As a result of these acts, Plaintiff incurred the injuries and damages described herein

above, entitling Plaintiff to damages in an amount to be proven at trial.

38. In committing the acts above, Defendant Officer James Rokaitis acted maliciously, oppressively, and/or was guilty of wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages against Defendant Officer James Rokaitis in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
**Assault**

39. Plaintiff refers to and repleads each and every allegation contained in paragraph 1 through 38, of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

40. By the acts of unreasonable and excessive force and the violence committed upon Plaintiff's person as a result of Defendant Officer James Rokaitis brandishing and firing his service weapon at Plaintiff three times, an assault occurred because Plaintiff was placed several times in fear of an imminent, offensive or harmful touching by Defendant Officer James Rokaitis and Does 1-20, and is thereby entitling Plaintiff to damages against Defendant Officer James Rokaitis pursuant to California Law.

41. As a result of these acts, Plaintiff incurred the injuries and damages described herein above, entitling Plaintiff to damages in an amount to be proven at trial.

42. In committing the acts above, Defendant Officer James Rokaitis acted maliciously, oppressively, and/or was guilty of wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages against Defendant Officer James Rokaitis in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### Negligence

43. Plaintiff refers to and by this reference incorporates herein, each and every allegation contained in the general allegations, as though fully set forth herein.

44. At all times herein mentioned, Defendant, JAMES ROKAITIS owned, maintained, controlled, and legally carried certain hand guns on his person. At this time, Plaintiff does not know the exact make, model and/or caliber of the hand gun used by Defendant JAMES ROKAITIS in the shooting which is the subject matter of this action.

45. On May 28, 2010, Defendant JAMES ROKAITIS, obtained possession of his hand gun from his residence and proceeded to the back yard of his neighbor's residence after the neighbor told Defendant JAMES ROKAITIS that a suspicious person was in the back yard. In carrying and brandishing his hand gun, Defendant JAMES ROKAITIS, owed Plaintiff a duty to maintain, control, and prevent any unwarranted and/or unjustified discharge of the hand gun.

46. In breach of his duty, Defendant JAMES ROKAITIS, carelessly and negligently discharged his hand gun and/or negligently failed to take adequate steps, procedures, or use necessary caution to maintain control of the hand gun so as to allow and/or cause the hand gun to discharge and strike Plaintiff with bullets shot there from and causing the damages alleged herein to Plaintiff's person.

47. Defendant JAMES ROKAITIS, knew, or in the exercise of reasonable care should have known, that his negligent failure to control and/or maintain his hand gun constituted an unreasonable risk of harm to Plaintiff and would cause Plaintiff the harm and injuries as described herein. Defendant's negligent acts and/or negligent failure to act was the cause of Plaintiff's

damages as described herein.

48. As a proximate result of Defendant JAMES ROKAITIS negligence, Plaintiff suffered severe and permanent damages to his person in an amount within the jurisdictional limits of this Court and subject to proof at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them, as follows:

**AS TO EACH CAUSE OF ACTION AS APPLICABLE**

1. A Trial by Jury on all issues;
2. For General Damages in an amount according to proof;
3. For Special Damages according to Proof;
4. For Punitive and Exemplary Damages against Defendant James Rokaitis in an amount according to proof;
5. For attorney's fees;
6. For costs of suit; and
7. For such other and further relief as the Court may deem proper.

DATED: 12/7/11

LAWRENCE T. NIERMEYER
Attorney for Plaintiff

## VERIFICATION

I, JOSHUA MORDOFF, am the Plaintiff in the above-entitled action. I have read the foregoing Second Amended Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

DATED: December 7, 2011         By: _/s/ Joshua Mordoff_