UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MORDOFF,<br><br>    **Plaintiff**<br><br>    v.<br><br>CITY OF MODESTO, et al.,<br><br>    **Defendants** | CASE NO. 1:11-CV-1039 AWI SAB<br><br>ORDER VACATING PRE-TRIAL HEARING AND ORDER TO SHOW CAUSE |

    The amended scheduling order in this case set trial for March 11, 2014, and set the pre-trial conference for January 29, 2014.  See Doc. No. 51.  The scheduling order required the parties to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2), which requires such statements to be filed within five court days of the pre-trial conference.  See id.; Local Rule 281.  Pursuant to Local Rule 281(a)(2), the parties' joint pre-trial statement was due no later than January 22, 2014.  Despite the Local Rules and the Scheduling Order, no pre-trial statements have been filed.

    The failure to prosecute, obey a court order, or follow the Local Rules are all grounds for the Court to impose sanctions, including dismissal of a case.  See Local Rule 110; Bautista v. Los Angeles Cnty, 216 F.3d 837, 841 (9th Cir. 2000); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995); In re Eisen, 31 F.3d 1447, 1456 (9th Cir. 1994); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss a case for failure to comply with a court order, local rules, or failure to prosecute, district courts must weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See id.

The parties have failed to obey the Court's scheduling order and the Local Rules. Additionally, there has been no activity in this case since March 2013, which further suggests a failure to prosecute. Without a pre-trial statement, it is impractical to conduct a pre-trial conference, and without a pre-trial conference, a reasonable and efficient jury trial cannot be accomplished. This case is now at a stand-still. Given the parties' conduct, the Court has great concerns about the prosecution of this case. The Court will vacate the January 29, 2014 pre-trial conference date, and order the parties to show cause in writing why sanctions, up to and including dismissal, should not be imposed for their failure to prosecute and their failure to file a pre-trial conference statement.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 29, 2014 pre-trial conference is VACATED;
2. The parties are to show cause in writing no later than 10:00 a.m. on January 29, 2014, why sanctions, up to and including dismissal of this case, should not be imposed for the failure to obey court orders, the failure to obey Local Rules, and the failure to prosecute; and
3. The parties are warned that the failure to timely respond to this order will result in the dismissal of this action without further notice.

IT IS SO ORDERED.

Dated:   January 23, 2014

_____
SENIOR DISTRICT JUDGE

2